REDMANN, Judge.
Officer Wellington Beaulieu was dismissed from the New Orleans Police Department by letter stating as cause that he fired at least one warning shot with his service revolver (expressly prohibited “for any purpose”) while chasing a suspect, “struck the suspect with the tire tool [an x-shaped lug wrench that the suspect had been carrying] without provocation or justification,” did not report discharging his revolver and, upon his revolver being inspected, falsely reported (after telephoning the police laboratory to find out whether they could tell the gun had been fired) that he had fired it at a St. Bernard parish dump or firing range the previous day.
On his appeal to the Civil Service Commission the dismissal was upheld although the Commission’s opinion declares “We do not find that the charge of brutality was proved.”
Appellant complains that by finding the brutality charge not supported, while sustaining the dismissal, the Commission has upheld his appeal from dismissal for brutality while the Commission itself dismisses him for firing his gun and lying about it. Alternatively, appellant asks a remand to the Commission “to take evidence regarding the disposition of this case which would have been made had there been no finding [by the superintendent?] of brutality made against the appellant.”
The “charge of brutality” is apparently the Commission’s characterization, because it is not found in the superintendent’s letter of discharge. The Commission’s opinion, unlike the letter (“struck the suspect”), recites “appellant is charged with brutality in that it is alleged that he beat the suspect about the head and back with a tire iron.” The letter makes no charge of brutality.
The Commission’s conclusion that “brutality” was not proven does not necessarily constitute a finding that Officer Beaulieu did not, not even once, “strike” the suspect. But if the Commission had found that Beaulieu did not once strike the suspect, that finding would not justify setting aside the dismissal (if the other charges sufficed as cause for dismissal, La.Const. art. 10 § 8(A)). Appellant overemphasizes the striking of the suspect — -in fact a minor element in the letter of dismissal — by characterizing it as a charge of brutality, a “beating” rather than a striking. Had the superintendent charged beating-brutality, the questions appellant argues would trouble us. But we find that the facts do not raise those questions.
Affirmed.
GULOTTA, J., dissenting.